UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM DAVID BUSH,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, et al.,<br><br>    Defendants. | Case No. 21-cv-06055-JCS<br><br>**ORDER TO SHOW CAUSE** |

## I.    INTRODUCTION

Having granted Plaintiff's request to proceed in forma pauperis under 28 U.S.C. § 1915(a)(1), the Court is required to review Plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B) to determine whether any claims are subject to dismissal on the basis that they: (1) are frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Marks v. Solcum*, 98 F.3d 494, 495 (9th Cir. 1996). Because Plaintiff has declined consent to magistrate jurisdiction pursuant to 28 U.S.C. § 636(c), the undersigned intends to reassign this case to a district judge with a report and recommendation addressing the adequacy of Plaintiff's claims. For the reasons set forth below, the Court finds that Plaintiff's claims are insufficiently pled. Therefore, Plaintiff is ORDERED TO SHOW CAUSE why this case should not be dismissed.

## II.    THE COMPLAINT

Plaintiff brings this action against the Department of Health and Human Services ("HHS") and the Secretary of HHS, Xavier Becerra, seeking declaratory injunctive relief under the Administrative Procedures Act ("APA"), 5 U.S.C. §§ 702-703. The complaint relates to "filled

1  milk," that is, "any milk, cream, or skimmed milk . . . to which has been added, or which has been
2  blended or compounded with, any fat or oil other than milk fat, so that the resulting product is in
3  imitation or semblance of milk, cream, or skimmed milk[.]" Complaint ¶ 3.  According to
4  Plaintiff, the "Filled Milk Act, promulgated by Congress in 1923, prohibits the manufacturing . . .
5  [of] any filled milk products" for sale in interstate commerce and the constitutionality of the Act
6  has been upheld, yet HHS is failing to enforce it "as it pertains to statutory Organic Dairy Milk
7  protocols." *Id.* at ECF p. 5.

8        Plaintiff alleges that "Many Milk processing companies are filling Milk in violation of the
9  Federal Statutes" because "FDA guidelines on optional vitamin fortification are unspecified on
10 what 'Carriers' may be utilized -- leading milk processors to use oils other than that allowable
11 under the law." *Id.*  Thus, he alleges, "Milk Processors are substituting dairy milk fats and oils
12 with vegetable alternatives, which are added under the guise of a vitamin A & D 'carrier' in the
13 products they advertise to be Grade A Organic Dairy Milk." *Id.* at ECF pp. 5, 7.  He further
14 alleges that "The Milk Processors imitation milk product marketing is indistinctive and
15 deceptively marketed as Organic Dairy Milk, swindling the public into the belief that the blended
16 vegetable oil semblance containing in part pasteurized non fat or low fat dairy milk, is organic
17 dairy milk." *Id.* at ECF p. 7.  Plaintiff asserts a single claim under the APA based on "Agency
18 inaction not in accordance with law." *Id.*  He asks the Court to order Defendants to enforce the
19 Filled Milk Act.

20 **III.   ANALYSIS**

21     **A.   Legal Standards Under 28 U.S.C. § 1915 and Rule 12(b)(6)**

22       Where a plaintiff is found to be indigent under 28 U.S.C. § 1915(a)(1) and is granted leave
23 to proceed in forma pauperis, courts must engage in screening and dismiss any claims which:
24 (1) are frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek
25 monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); *see*
26 *Marks v. Solcum*, 98 F.3d 494, 495 (9th Cir. 1996).

27       To state a claim for relief, a plaintiff must make "a short and plain statement of the claim
28 showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).   Further, a claim may be

dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6); *see also Diaz v. Int'l Longshore and Warehouse Union, Local* 13, 474 F.3d 1202, 1205 (9th Cir. 2007). In determining whether a plaintiff fails to state a claim, the court takes "all allegations of material fact in the complaint as true and construe[s] them in the light most favorable to the non-moving party." *Cedars-Sinai Med. Ctr. v. Nat'l League of Postmasters of U.S.*, 497 F.3d 972, 975 (9th Cir. 2007). However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to legal conclusions [and] mere conclusory statements," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), and courts "do not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1034 (9th Cir. 2010) (internal quotation marks omitted). The complaint need not contain "detailed factual allegations," but must allege facts sufficient to "state a claim to relief that is plausible on its face." *Id*. at 678 (citing *Twombly*, 550 U.S. at 570).

Where the complaint has been filed by a pro se plaintiff, courts must "construe the pleadings liberally . . . to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). "A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies in the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute, as recognized in *Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000) (en banc). Further, when it dismisses the complaint of a pro se litigant with leave to amend, "the district court must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively." *Id.* (quoting *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)). "Without the benefit of a statement of deficiencies, the pro se litigant will likely repeat previous errors." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 624 (9th Cir. 1988) (quoting *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987)).

B.   **The APA**

The APA affords a right to seek judicial review of agency action to a person who suffers a legal wrong or is "adversely affected or aggrieved" by that action "within the meaning of the

relevant statute." 5 U.S.C. § 702. "To the extent necessary to decision and when presented… [t]he reviewing court shall . . . (1) compel agency action unlawfully withheld or unreasonably delayed; and (2) hold unlawful and set aside agency action, findings, and conclusions found to be . . . (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706

### C. Standing

Under the "case" or "controversy" provisions of Article III of the U.S. Constitution, a plaintiff is required to have standing to pursue a claim in federal court. *Bennett v. Spear*, 520 U.S. 154, 167 (1997). "Th[e] 'irreducible constitutional minimum' of standing requires: (1) that the plaintiff have suffered an 'injury in fact'—an invasion of a judicially cognizable interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) that there be a causal connection between the injury and the conduct complained of—the injury must be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court; and (3) that it be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Id.* (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-561 (1992)).

Further, "a person suing under the APA must satisfy not only Article III's standing requirements, but an additional test: The interest he asserts must be 'arguably within the zone of interests to be protected or regulated by the statute' that he says was violated." *Match-E-Be-Nash-She-Wish Band of Pottawatomi Indians v. Patchak*, 567 U.S. 209, 224 (2012) (quoting *Association of Data Processing Service Organizations, Inc. v. Camp*, 397 U.S. 150, 153 (1970)). This prudential standing test " 'is not meant to be especially demanding.' " *Id.* (quoting *Clarke v. Securities Industry Assn.*, 479 U.S. 388, 399 (1987)). Rather, the test is applied "in keeping with Congress's 'evident intent' when enacting the APA 'to make agency action presumptively reviewable.' " *Id.* (quoting *Clarke*, 479 U.S. at 399).

Plaintiff has alleged no facts showing that he has been injured by Defendants' inaction. Thus, he has not established Article III standing or prudential standing to assert his APA claim.

### D. Subject Matter Jurisdiction

The Supreme Court has held, as a matter of subject matter jurisdiction, that a claim based on agency inaction under 5 U.S.C. § 706(1) "can proceed only where a plaintiff asserts that an agency failed to take a *discrete* agency action that it is *required to take*." *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64 (2004) ("*SUWA*") (emphasis in original). Thus, Section 706(1) does not permit "broad programmatic attack[s]." *Id.* The Court in *SUWA* explained the reason for these limitations:

> If courts were empowered to enter general orders compelling compliance with broad statutory mandates, they would necessarily be empowered, as well, to determine whether compliance was achieved—which would mean that it would ultimately become the task of the supervising court, rather than the agency, to work out compliance with the broad statutory mandate, injecting the judge into day-to-day agency management.

*Id.* at 66-67. Plaintiff has not identified any discrete action HHS is required to take but instead brings the sort of a broad programmatic challenge the Supreme Court has found is not permitted under the APA. Therefore, the Court lacks subject matter jurisdiction over Plaintiff's claim.

## IV. CONCLUSION

Accordingly, no later than **October 12, 2021,** Plaintiff must either file an amended complaint curing the deficiencies identified herein or file a response to this Order addressing why his APA claim is sufficiently alleged. If Plaintiff does not respond to this Order by October 12, 2021, the case will be reassigned to a United States district judge with a recommendation that the case be dismissed. The case management conference previously set for **October 29, 2021 at 2:00 p.m**. is continued to **December 3, 2021 at 2:00 p.m.**

IT IS SO ORDERED.

Dated: September 4, 2021

JOSEPH C. SPERO
Chief Magistrate Judge