UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM DAVID BUSH,<br><br>   Plaintiff,<br><br>   v.<br><br>UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, *et al.*,<br><br>   Defendants. | Case No. 21-cv-06055-SI<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING CASE WITHOUT LEAVE TO AMEND**<br><br>Re: Dkt. No. 10 |

On August 5, 2021, plaintiff William David Bush filed a *pro se* complaint and a request to proceed *in forma pauperis*. The complaint alleged one cause of action under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 702-703, seeking declaratory and injunctive relief in the form of a court order directing defendants to enforce the Filled Milk Act, 21 U.S.C. §§ 61-64.[1]

Chief Magistrate Judge Spero granted plaintiff's application to proceed *in forma pauperis*, Dkt. No. 7, and in a separate order filed September 4, 2021, Judge Spero reviewed the complaint under 28 U.S.C. § 1915(e)(2)(B). Dkt. No. 8. Judge Spero concluded that plaintiff had failed to allege any facts showing he had been injured by defendants' inaction and thus that plaintiff had not established Article III or prudential standing to assert his APA claim. Judge Spero also concluded that plaintiff had not identified any discrete action that the Department of Health and Human Services is required to take "but instead brings the sort of a broad programmatic challenge the Supreme Court has found is not permitted under the APA." *Id.* at 5. Judge Spero granted plaintiff leave to amend the complaint.

---

[1] The Filled Milk Act "prohibits the shipment in interstate commerce of skimmed milk compounded with any fat or oil other than milk fat." *United States v. Carolene Prods. Co.*, 304 U.S. 144, 145-46 (1938).

1    On September 10, 2021, plaintiff filed an amended complaint alleging additional facts to show he has been injured by defendants' inaction, namely that he purchased "Clover Stornetta's Milk semblance product in Sebastopol, California from a Safeway Grocery Store believing the product was organic Grade A Milk as advertised" and subsequently "suffered injury from the resulting stomach indigestion issues." Amended Compl. ¶ 9 (Dkt. No. 9).

On September 14, 2021, Judge Spero issued a Report and Recommendation finding that the amended complaint did not cure the deficiencies identified in the prior order.  Dkt. No. 10.  Judge Spero stated, "[a]s the Amended Complaint does not, however, allege that the milk that allegedly harmed Plaintiff contained any fillers or was otherwise in violation of the Filled Milk Act, these allegations are not sufficient to establish standing.  In any event, even assuming Plaintiff has adequately alleged standing, his challenge remains a broad, programmatic challenge of the sort that is not permitted under the APA, as explained in the Order to Show Cause." *Id*. at 1.  Judge Spero recommended dismissing this case with prejudice.

On September 14, 2021, this case was reassigned to the undersigned judge.  On September 17, plaintiff filed an objection to Judge Spero's Report and Recommendation.  Dkt. No. 13.  Plaintiff's objection largely reiterates the allegations of the prior complaints.  Plaintiff also asserts that he is not mounting a "broad programmatic challenge" but rather that "Petitioner's claims relate specifically to the logistics of Government School Lunch programs which purchase Filled Milk products instead of codified Milk, as being out of definition compliance with 7 CFR, Section 210.10(d) 'fluid milk requirements[]' and that plaintiff is seeking a court order directing defendants "to forbid and regulate the deceptive marketing practice of commercial companies labeling Filled Milk products as Organic Dairy Milk, without making clear for the consumers the product is a Milk alternative semblance containing some dairy Milk." *Id.*

The Court has considered plaintiff's objection and concludes that the amended complaint fails to state a claim for the reasons articulated by Judge Spero.  The Court also concludes that further leave to amend would be futile because plaintiff's objection does not allege that the milk he drank was in violation of the Filled Milk Act.  Further, plaintiff's statements about his claims being directed at the logistics of the government's school lunch program as well as general enforcement

of the statute underscore Judge Spero's conclusion that plaintiff is bringing a broad programmatic challenge not permitted under the APA. Accordingly, the Court ADOPTS the Report and Recommendation and DISMISSES the amended complaint without leave to amend.

**IT IS SO ORDERED**.

Dated: September 21, 2021

SUSAN ILLSTON
United States District Judge